# **EXHIBIT B**

C202106100001343
Case 4:21-cv-02194   Document 1-2   Filed on 07/06/21 in TXSD   Page 2 of 10

6/2/2021 10:49 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 54046576
By: Lisa Thomas
Filed: 6/2/2021 10:49 PM

NO. _____

| | | |
|---|---|---|
| **ELIZABETH KIMA** | § § § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| V. | § § | HARRIS COUNTY, TEXAS |
| **FIESTA MART, LLC** | § § | |
| *Defendant.* | § § | \_\_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

COMES NOW **ELIZABETH KIMA**, Plaintiff, complaining of **FIESTA MART, LLC** ("**FIESTA**"), Defendant, and for cause would show unto the Court as follows:

### I.

### DISCOVERY – CONTROL PLAN

1.1    Pursuant to the Texas Rules of Civil Procedure 190.3, Plaintiff states that the litigation of this case will be controlled by Level 2 discovery.

### II.

### PARITES

2.1    Plaintiff, **ELIZABETH KIMA**, is, and was at all times material hereto an individual residing in Texas.

2.2    Defendant, **FIESTA MART, LLC** is a Texas corporation doing business in the Harris County, Texas for the purpose of accumulating profits and can be served through its registered agent, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

1

## III.

## JURISDICTION AND VENUE

3.1     Jurisdiction is consistent with damages sought by Plaintiff.

3.2     Venue is proper pursuant to subsection 15.001 of the Civil Practice and Remedies Code. All or a substantial part of the events or omission giving rise to the claim occurred within Harris County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1).

## IV.

## ALTER-EGO

4.1     In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are "alter egos" of parties named herein. Alternatively, the Plaintiff contends that such "corporate veils" be pierced to hold such parties properly included in the interest of justice. In the event that the true parties are misidentified, Plaintiff hereby asserts reliance upon the doctrine of misidentification.

## V.

## FACTS

6.1     This lawsuit is necessary as a result of personal injuries that Plaintiff received on or about April 4, 2020. At that time, Plaintiff was an invitee at **FIESTA** store at 14315 Bellaire Blvd. Store 14 Houston, Texas 77083. Plaintiff was walking when she slipped and fell in a slippery substance. As a result, plaintiff suffered serious and permanent injuries.

6.2     At the time of the incident in question, Plaintiff was an invitee of Defendant. Defendant knew or should have known of the unreasonably dangerous condition and neither corrected nor warned Plaintiff of it. Plaintiff did not have any knowledge of the dangerous condition and could not have reasonably been expected to discover it. Defendant either created

PMA CRDATE 06092021

the condition and/or failed to correct the condition or to warn Plaintiff about the dangerous condition, which constituted negligence, and such negligence was a proximate cause of the occurrence in question and Plaintiff's resulting injuries.

6.3   Plaintiff would show that, based on the above-described facts, Defendant was negligent. Defendant, as occupier and owner of the premises, with control over the premises, had a duty to inform Plaintiff of the dangerous condition and make safe the defective condition existing on Defendant's premises.

## VI.

## THEORIES OF RECOVERY

7.1   Defendant is liable to Plaintiff under the theory of premises liability *and* negligence based on the following conduct:

   a. Failure to maintain the premises, including floors and walkways, in a reasonably safe condition;

   b. Failure to inspect the premises where the dangerous condition existed;

   c. Failure to correct the condition by taking reasonable measures to safeguard persons who entered the premises;

   d. Failure to exercise adequate care in the conduct of active operations on the premises;

   e. Failure to inform Plaintiff of the dangerous condition existing on the premises; and;

   f. Other acts deemed negligent.

7.2   Each of the foregoing negligent acts and/or omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages that are described below.

3

7.3   Defendant was also negligent in that it failed to act as a reasonably prudent premise owner and/or operator would act in the same or similar situation.

## VII.

## DAMAGES

8.1   By virtue of the actions and conduct of Defendant as set forth above, Plaintiff was seriously injured and is entitled to recover the following damages:

   a.   Past and future medical expenses;

   b.   Past and future pain, suffering, and mental anguish;

   c.   Past and future physical impairment;

   d.   Past and future physical disfigurement; and

   e.   Past lost wages and future loss of earning capacity.

8.2   By reason of the above, Plaintiff is entitled to recover damages from Defendant in an amount within the jurisdictional limits of this Court, as well as pre and post-judgement interest.

## VIII.

## REQUEST FOR DISCLOSURES

9.1   Pursuant to Rule 194, TEX.R.CIV.P., Plaintiff requests that Defendant discloses, within fifty days of this request, the information or materials described in Texas Rule of Civil Procedure 194.2(a)-(1).

## IX.

## RULE 193.7 NOTICE

11.1   Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against Defendant at any pre-trial proceeding and/or at trial of this matter without the necessity of authenticating the documents.

4

## X.

## ADOPTION BY REFERENCE

12.1 Except as otherwise expressly set forth or implied by context, all statements set forth in each paragraph of this pleading are adopted by reference and incorporated into each and every other section and paragraph of this pleading to afford Plaintiff the maximum recovery for relief and for purposes of providing fair notice of Plaintiff's allegations.

## XI.

## STATEMENT REGARDING MONETARY RECOVERY SOUGHT

13.1 As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff seeks monetary relief of $100,000.00 but not more than $250,000.00 including damages of any kind, penalties, costs, expenses, pre-judgement interest, and attorney's fees and judgement for all other relief to which Plaintiff is justly entitled. Plaintiff demands a jury trial.

## XII.

## PRAYER FOR RELIEF

Plaintiff prays that this citation issues and be served upon Defendant in a form and manner prescribed by law, requiring that Defendant appears and answers, and that upon final hearing, Plaintiff has judgement against Defendant in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre and post-judgement interest, all costs of the Court, and such all such other and further relief, to which she may by justly entitled.

Respectfully submitted,

**LEO & OGINNI TRIAL LAWYERS, PLLC**

*/s/ George Oginni*
GEORGE OGINNI

5

                State Bar No. 24108191
                JOHN A. LEO
                State Bar No. 24108200
                3701 Kirby, Suite 1184
                Houston, Texas 77098
                Office: (713) 280-3204
                Fax: (713) 489-9021
                John@helpishere.law
                George@helpishere.law

                ATTORNEYS FOR PLAINTIFF

PMA CRDATE 06092021

Case 4:21-cv-02194   Document 1-2   Filed on 07/06/21 in TXSD   Page 8 of 10

7/6/2021 1:59 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 55072136
By: A Davis
Filed: 7/6/2021 1:59 PM

CAUSE NO. 2021-33139

| | | |
|---|---|---|
| ELIZABETH KIMA § | | IN THE DISTRICT COURT OF |
| Plaintiff, § | | |
| § | | |
| vs. § | | HARRIS COUNTY, TEXAS |
| § | | |
| § | | |
| FIESTA MART, LLC § | | |
| Defendant. § | | 215TH DISTRICT COURT |

**DEFENDANT FIESTA MART, LLC'S ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant FIESTA MART, LLC, files this Original Answer to Plaintiff's Original Petition ("Petition"), and in support thereof, would respectfully show the Court the following:

### I. General Denial

1.      Under Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation made against Defendant in Plaintiff's Petition.

### II. Affirmative Defenses

2.      Defendant asserts the affirmative defense of contributory negligence. The negligence of Plaintiff caused or contributed to Plaintiff's injures so that the claims are barred or, in the alternative, must be reduced in accordance with the relative degree of Plaintiff's own negligence. Defendant requests the trier of fact to determine Plaintiff's liability and percentage of responsibility pursuant to Texas Civil Practice & Remedies Code section 33.003.

3.      Defendant is entitled to all caps and limitations on damages pursuant to the Texas Civil Practice & Remedies Code.

4.      Defendant alleges that Plaintiff's injuries and/or damages were caused by an intervening event for which Defendant has no liability.

1

5. Defendant affirmatively pleads that Plaintiff's injuries were caused by the actions or inactions of parties not under Defendant's control.

6. Defendant affirmatively pleads the defense set forth in Texas Civil Practice and Remedies Code Section 18.091, requiring Plaintiff to prove Plaintiff's loss of earning, loss of contributions of a pecuniary value, and/or loss of earning capacity in the form of a net loss after reduction for income tax payments or unpaid tax liability on said loss or earning claim pursuant to any federal income tax law.

7. To the extent that Plaintiff's medical expenses exceed the amount actually paid on Plaintiff's behalf to Plaintiff's medical providers, Defendant asserts the statutory defense set forth in Section 41.0105 of the Texas Civil Practice and Remedies Code. Thus, recovery of Plaintiff's medical or health care expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiff.

8. Plaintiff's claims for pre-judgment interest are limited by the dates and amounts set forth in Section 304.104 of the Texas Finance Code and Section 41.007 of the Texas Civil Practice & Remedies Code.

### III. Jury Demand

9. Defendant hereby exercises its rights to demand a trial by jury under Rule 216 of the Texas Rules of Civil Procedure on all issues triable by a jury.

### IV. Prayer

FOR THESE REASONS, Defendant FIESTA MART, LLC respectfully prays that the Court enter a judgment that:

1. Dismisses all claims against Defendant FIESTA MART, LLC and orders that Plaintiff takes nothing by reason of Plaintiff's allegations.

HOULITIGATION:1773510.1

2. Orders that Defendant recover all costs incurred in defense of Plaintiff's claims, and that Defendant' judgment against Plaintiff include the following:

   a. Costs of suit; and

   b. Such other and further relief, general and special, at law or in equity, to which Defendant may be justly entitled.

>Respectfully submitted,
>MEHAFFYWEBER, P.C.
>
>By:<u>/s/Maryalyce W. Cox</u>
>Maryalyce W. Cox
>State Bar No. 24009203
>Hannah M. Owens
>State Bar No. 24084330
>One Allen Center
>500 Dallas, Suite 2800
>Houston, Texas  77002
>Telephone  - (713) 655-1200
>Telecopier  - (713) 655-0222
>maryalycecox@mehaffyweber.com
>
>ATTORNEY FOR DEFENDANT
>FIESTA MART, LLC.

## CERTIFICATE OF SERVICE

This will certify that a copy of the foregoing document was furnished to counsel for Plaintiff on July 6, 2021, pursuant to the Texas Rules of Civil Procedure.

>*Maryalyce W. Cox*
>Maryalyce W. Cox